## Minium *versus* Hoig.

In a feigned issue, the defendant may insist on the ordinary rules of forcing the plaintiff to trial, and may nonsuit him for not trying.

Or, on satisfying the court where the principal cause is, that the plaintiff is vexatiously delaying the trial, that court may direct the matter in issue to be taken *pro confesso* against the plaintiff.

Where the plaintiff in an issue directed by the Orphans' Court is nonsuited, for not proceeding to trial, the Common Pleas has no power to take off the nonsuit, after the expiration of the term. All further remedy, by new trial, or otherwise, must come from the Orphans' Court.

ERROR to the Common Pleas of *Crawford county.*

This was a feigned issue from the Orphans' Court, wherein Alexander Hoig was plaintiff, and Simon S. Minium, defendant, to try the right of the parties to the interest or purpart of Henry Minium in the real estate of his father, John Minium, deceased.

The issue was entered in the Common Pleas on the 30th August 1847; and on the 23d August 1848, having been reached for trial, and the plaintiff not appearing, a nonsuit was entered against him.

On the 22d May 1858, on motion of the plaintiff's attorney, the Common Pleas, after argument, took off the nonsuit, and restored the case to the trial list, on payment of costs by the plaintiff. And on the 24th February 1859, the issue was tried, and resulted in a verdict for the plaintiff.

The defendant, thereupon, sued out this writ, and here assigned for error: 1. The taking off of the nonsuit, and reinstating and trying the cause. 2. The rejection of certain evidence offered by the defendant on the trial. 3. The refusal of the court below to charge as requested in certain points presented by the defendant.

*Church, D. M. Farrelly,* and *Richmond,* for the plaintiff in error.—The court below had no power to take off the nonsuit and to reinstate the cause; that power rested exclusively in the court sending the issue to be tried.

*J. W. Farrelly,* and *Finney,* for the defendant in error.—The Common Pleas had no power to enter a nonsuit on an issue directed by the Orphans' Court: Rogers *v.* Tift, 17 *Johns.* 267. And it is immaterial in what manner the mistake was corrected.

The opinion of the court was delivered by

LOWRIE, C. J.—In a feigned issue, we have no doubt, that a defendant may insist on the ordinary rules of forcing the plaintiff to trial, and may nonsuit him for not trying: *Tidd* 760; 4 *Term*

[Minium *v.* Hoig.]

*R.* 767; 5 *Moore* 473. Or, on satisfying the court where the principal cause is, that the plaintiff is vexatiously delaying the trial, that court may direct the matter in issue to be taken *pro confesso* against the plaintiff: 1 *Archb. Pr.* 349; 3 *Dan'l. Ch. Pr.* 1299.

In this case, the plaintiff was regularly nonsuited, and afterwards paid the costs. Eight or ten years afterwards, the plaintiff moved the Common Pleas to take off the nonsuit, and it was done. This was entirely irregular. The issue was from the Orphans' Court, ancillary to the principal proceeding there; and when the issue was determined by trial or nonsuit, and the passage of the term, all further remedy, by new trial or otherwise, must come from the Orphans' Court: *Tidd* 913; 3 *Dan'l. Ch. Pr.* 1306; 11 *Price R.* 379; 2 *Id.* 399; 6 *Taunt.* 444; 8 *Dowl. & Ry.* 71; 11 *Ves.* 52; 9 *Id.* 155. The Common Pleas had no authority to take off the nonsuit, without an order in the Orphans' Court allowing it. And the Orphans' Court, on hearing all the equities arising out of the plaintiff's delay, might have refused to allow it, and have left him to his ordinary remedies.

But we cannot reverse this judgment, for there is none on the record, and therefore the writ of error does not lie. The writ itself shows that there must be a judgment; and it can be further seen in the acts relative to feigned issues out of the Orphans' Court and Common Pleas: Acts of 16th June 1836, § 87, and 10th April 1848, § 8, *Purd.* 343, § 99, and 311, § 3.

Writ of error quashed, and record remitted.